UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **LEON WILLIAMS, JR.**<br>    **LA. DOC #281941** | **CIVIL ACTION NO. 5:14-cv-0117** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE DONALD E. WALTER** |
| **WARDEN TIMOTHY KEITH** | **MAGISTRATE JUDGE HAYES** |

**ORDER**

Before the Court is Petitioner's "Motion to Compel Service and Extension of Time." [doc. # 10]. For the reasons stated below, Petitioner's Motion is **GRANTED**.[1]

On April 3, 2014, the Court ordered Respondent to file: (1) An answer; (2) "A memorandum brief of law in support of all issues raised in the answer"; (3) "A certified copy of the state court record, including transcripts of all proceedings held in the state courts"; (4) "A certified copy of all documents, including all briefs or memoranda of any party, filed in connection with any appeal, application for post-conviction relief, or writ application presented to any and all state, district courts, appellate courts or the Louisiana Supreme Court"; and (5) "Certified copies of, or citations to, all state court dispositions, including the Louisiana Supreme Court decision pertaining to the conviction under attack." [doc. # 3, p. 4-6]. In the same Order, the Court ordered "that, as a condition to their acceptance by the Clerk, all future filings by petitioner or respondent shall include a certificate indicating that a copy thereof has been furnished to the other parties." *Id.* at 6.

---

[1]As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

On April 23, 2014, the State complied with the Court's order to file its Answer, the state court record, documents filed in connection with Petitioner's appeal, and state court dispositions. [doc. #s 7; 7-1]. However, while the State filed a certificate of service indicating that it served Petitioner with its Answer, it neglected to file a certificate of service indicating that it served Petitioner with a copy of the remaining filings. [doc. #s 7; 7-1].

In the instant Motion, Petitioner contends that the State has not served him with any of its required filings and, consequently, asks the Court to order proper service. [doc. # 10, p. 2]. He also asks for an extension of time in which to respond to the State's Answer and supporting memorandum. *Id.*

The State responded to Petitioner's Motion on June 19, 2014, and averred that it mailed Petitioner a "copy of the State's Response to the June 9, 2014 Order of this Court . . . ." [doc. # 13]. However, it appears that the State mis-read Petitioner's Motion because the Court's June 9, 2014 Order only ordered the State to file a complete, legible copy of the 26th Judicial District Court's ruling on collateral review. [doc. # 8]. Petitioner's Motion, in contrast, asks for a copy of all of the State's required filings. [doc. # 10]. In short, the State responded to the Court's June 9, 2014 Order, not Petitioner's Motion.

The Rules Governing Section 2254 cases (the "*Habeas* Rules"), in combination with the Federal Rules of Civil Procedure, provide the applicable procedural law in Section 2254 proceedings. *Habeas* Rule 5(c) states that "[t]he respondent must attach to the answer parts of the transcript that the respondent considers relevant" and the "judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished." RULES GOV. SEC. 2254 CASES, R. 5(c).

The Fifth Circuit, in *Sixta v. Thaler*, held that the *habeas* rules and Federal Rules of Civil

Procedure, when considered together, require a respondent in a *habeas* proceeding to serve both the answer and any exhibits on the petitioner. *Sixta v. Thaler*, 615 F.3d 569, 572 (5th Cir. 2010). The court reasoned:

> When the respondent does, in fact, attach exhibits to the answer, there can be little dispute that those exhibits must be served together with the answer itself on the habeas petitioner. Civil Rule 5(a) provides that "a pleading filed after the original complaint" "must be served on every party." In turn, Civil Rule 7 lists "an answer to a complaint" as "pleading" and Civil Rule 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Considered together, the rules plainly require that the respondent serve both the answer and any exhibits attached thereto on the habeas petitioner.

*Id.*

Accordingly, Petitioner's Motion, [doc. # 10], is **GRANTED** and **IT IS HEREBY ORDERED** that the State, **within fourteen (14) days (i.e. July 21, 2014)** of the date of this Order, provide Petitioner with a copy of all the documents located in Document # 7-1, provide Petitioner with a copy of the State's Answer located in Document # 7 in order to allay any concern that the certificate of service accompanying the Answer is incorrect, and file a certificate indicating that it has served Petitioner accordingly.

**IT IS FURTHER ORDERED** that Petitioner is allowed **twenty-one (21) days** following the filing of the State's certificate of service in which to file any response he wishes to present.

In Chambers, Monroe, Louisiana, this 7th day of July, 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

3